**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 11, 2011

Lyle W. Cayce
Clerk

No. 11-50051
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

JORGE SAUL ROBLES-ROBLES, also known as Jose Robles,

                              Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2327-1

Before DAVIS, BENAVIDES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Saul Robles-Robles (Robles) appeals the 42-month sentence imposed following his guilty plea conviction for illegal reentry of the United States after deportation. He contends that his within guidelines sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and, thus, it was substantively unreasonable. More specifically, Robles argues that, because U.S.S.G. § 2L1.2 is not empirically based and results in "double counting" of prior offenses, his guidelines sentence does not merit a presumption

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of reasonableness. He also maintains that the guidelines range failed to reflect the seriousness of his offense and his benign motive for reentering the United States.

We need not decide whether, despite his arguments in the district court in support of a downward variance, Robles's failure to object to the reasonableness of his sentence results in plain error review. *Compare United States v. Rodriguez*, 523 F.3d 519, 526 n.1 (5th Cir. 2008), *with United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Robles's arguments fail under either a plain error or an abuse of discretion standard of review.

We have rejected the contention that a presumption of reasonableness should not apply to a sentence within the guideline range merely because § 2L1.2 is not supported by empirical data and because it may result in double-counting. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). Robles's reliance on his allegedly benign motive for reentering the United States is insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). "A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Because Robles has not overcome the presumption of reasonableness, the judgment of the district court is AFFIRMED.